DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **RINEL FERDINAND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2015-0020 |
| ) | |
| **SHERN MORRIS, in his capacity as Chief of Security at Golden Grove Adult Correctional Facility,** ) ) ) | |
| ) | |
| **Defendant.** ) ) | |

**Appearances:**
**Rinel Ferdinand,** *Pro Se*
Elroy, AZ

No Appearance
   *For Defendant*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") by Magistrate Judge Emile A. Henderson III. (Dkt. No. 26). In his R&R, Magistrate Judge Henderson recommends that Plaintiff Rinel Ferdinand's ("Plaintiff") Complaint (Dkt. No. 1) be dismissed for his failure to pay the filing fee. For the reasons that follow, the Court will adopt the recommendation of dismissal, but will modify it as set forth herein to order a dismissal of Plaintiff's Complaint with prejudice for failure to prosecute.

### I.    BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action against Defendant Shern Morris on March 13, 2015 pursuant to 42 U.S.C. § 1983. *Id*. at 1-2. Plaintiff filed a "Motion to Proceed in District Court without Prepaying Fees or Costs" on October 18, 2016. (Dkt. No. 14). On July 10,

2017, Magistrate Judge George W. Cannon Jr. granted this Motion, but nonetheless recommended that the Complaint be dismissed for failure to state a claim. (Dkt. No. 16). Magistrate Judge Cannon's Order noted that "[i]n the event this action is not dismissed and is allowed to proceed as a Section 1983 action, Plaintiff will be required to pay the full amount of the filing fee in monthly installments pursuant to 28 U.S.C. § 1915(b)." *Id.* at 1 n.1.

Magistrate Judge Cannon's Order was mailed to Plaintiff at the Saguaro Correctional Center in Elroy, Arizona. (Dkt. No. 18). The mail was returned as undeliverable. (Dkt. No. 21).

On April 27, 2023, Magistrate Judge Henderson issued an Order directing Plaintiff "to update his financial information so that the Court could calculate his initial partial payment and issue an order directing the finance office at [Plaintiff's] institution to calculate the monthly payments thereafter." (Dkt. No. 23 at 2). This Order stated that Plaintiff's failure to comply with the terms of the Order may result in the dismissal of the Complaint. *Id.* at 3. The mail was returned as undeliverable, with the returned mail slip indicating that Plaintiff was released from custody in July 2017. (Dkt. No. 25).

Accordingly, on May 17, 2023, Magistrate Judge Henderson issued an R&R, recommending dismissal of the Complaint for failure to pay the filing fee. (Dkt. No. 26 at 2). Magistrate Judge Henderson also found in his analysis that Plaintiff's "failure to update his mailing address and contact information with the Court" represents "another basis to support dismissal of the Complaint." *Id.* at 2. The R&R was returned as undeliverable, with the returned mail slip also indicating that Plaintiff was released from custody in July 2017. (Dkt. No. 28). Plaintiff has not filed any objections to the R&R.

## II. DISCUSSION

Where—as here—the parties do not timely object to a magistrate judge's R&R, there is no statutory requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Where no objections have been filed, a district court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)), *aff'd*, 276 F. App'x 125 (3d Cir. 2008); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

The Court finds that there is no plain error in Magistrate Judge Henderson's conclusion that Plaintiff's "failure to update his mailing address and contact information with the Court" (Dkt. No. 26 at 2) constitutes a basis for dismissal of this action—failure to prosecute. "Ordinarily,

dismissals for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure are governed by a balancing of the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)." *Johnson v. Facebook*, Civil Action No. 2023-0034, 2024 U.S. Dist. LEXIS 90903, at *3 (D.V.I. May 21, 2024). However, "when a litigant's conduct makes adjudication of the case impossible, balancing under *Poulis* is unnecessary." *Bracy v. Marvinny*, No. CV 2020-0036, 2022 U.S. Dist. LEXIS 222200, 2022 WL 17555529, at *2 n.2 (D.V.I. Dec. 9, 2022) (quoting *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 374 (3d Cir. 2005); *see also Ho v. Lower Merion Sch. Dist.*, No. 23-1259, 2024 U.S. App. LEXIS 5639, 2024 WL 1007453, at *2 n.5 (3d Cir. Mar. 8, 2024) ("[I]n dismissing for failure to prosecute, [the *Poulis*] analysis is not required where a litigant makes adjudication impossible . . . .").

"Adjudication of the case becomes impossible when litigants fail to update their contact information with the Court and fail to respond to Court orders." *Cruz v. Bryan*, No. CV 2016-0020, 2024 U.S. Dist. LEXIS 58666, 2024 WL 1367825, at *2 (D.V.I. Mar. 31, 2024); *see also Bracy*, 2022 U.S. Dist. LEXIS 222200, 2022 WL 17555529 at *2 n.2 (noting that balancing under *Poulis* was not required to warrant dismissal for failure to prosecute because adjudication of the case was made impossible by, *inter alia*, the plaintiff's failure to update his mailing address and contact information with the Court); *Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624-25 (3d Cir. 2009) (finding that the litigant's abandonment of the case—where the litigant failed to respond to three pending motions despite the district court's grant of three *sua sponte* extensions of time—made it impossible for the district court to proceed, warranting a dismissal for failure to prosecute).

Notwithstanding Plaintiff's status as a *pro se* litigant, he nevertheless "bears full personal responsibility for [his] litigation" and is thus "personally responsible for supplying the court with an address that would foster direct and timely communication with the court." *Marin v. Biros*, 663

4

F. App'x 108, 110-11 (3d Cir. 2016). Here, Plaintiff has abdicated this responsibility. Plaintiff was apparently released from Saguaro Correctional Center, his mailing address on file, in July 2017. (Dkt. Nos. 25, 28). But—in the over seven years since his apparent release—Plaintiff has not updated his mailing address with the Court. As such, his mail from the Court continues to be returned as undeliverable. *E.g.,* (Dkt. Nos. 25, 28). Plaintiff has now failed to respond to multiple orders from Magistrate Judge Cannon and Magistrate Judge Henderson. *E.g.,* (Dkt. Nos. 16, 23). Plaintiff's conduct has rendered adjudication of his case impossible and there is thus no clear or obvious error with Magistrate Judge Henderson's conclusion that Plaintiff's failure to update his contact information with the Court represents a basis for dismissal of his Complaint.[1] Accordingly, the Court will dismiss this action with prejudice[2] for failure to prosecute.

---

[1] Magistrate Judge Henderson's R&R recommended that the Complaint be dismissed for Plaintiff's failure to pay the filing fee. The Court does not adopt this portion of the R&R because—in light of Plaintiff's failure to prosecute his claim—this finding is not necessary to the disposition of this matter.

[2] "Unless otherwise stated, a dismissal for failure to prosecute under Rule 41(b) results in dismissal of the action with prejudice." *Johnson*, 2024 U.S. Dist. LEXIS 90903, at *5 n.1; *see also Matta v. Gov't of Virgin Islands*, No. 11-CV-00091, 2016 U.S. Dist. LEXIS 2221, 2016 WL 122954, at *1 (D.V.I. Jan. 8, 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001)) ("Unless otherwise stated, dismissals under Rule 41(b) are with prejudice."); *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) (cleaned up) ("For voluntary dismissals, the default rule is that a plaintiff's first dismissal is without prejudice . . . . For involuntary dismissals, the default rule is the opposite. Unless the dismissal order states otherwise, it operates as an adjudication on the merits and so . . . involuntary dismissals are presumptively with prejudice.").

### III. CONCLUSION

In view of the foregoing, the Court will adopt the R&R's recommendation of dismissal, but will modify it as set forth herein to order a dismissal of Plaintiff's Complaint with prejudice for failure to prosecute. An appropriate Order accompanies this Memorandum Opinion.

Date: October 4, 2024   _____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　　　　　　District Judge